```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Howard Harris,                      :

       Plaintiff,
   v.                              :           Case No. 2:14-cv-45

                                  :           JUDGE GEORGE C. SMITH
City of Columbus Division of                    Magistrate Judge Kemp
Police, et al.,                     :

       Defendants.                  :

## REPORT AND RECOMMENDATION
## AND ORDER

    Plaintiff Howard Harris filed this civil action against the City of Columbus Division of Police, the city itself, and a number of individual police officers, claiming that they (along with Franklin County Sheriff Zach Scott, who is also named as a defendant) assaulted him, abused legal process, and otherwise violated his rights.  The complaint, filed in the Franklin County Court of Common Pleas, recites, in ¶46, as part of his Seventh Cause of Action, that the defendants denied Mr. Harris "his Civil, Constitutional, Due Process, and Equal Protection rights under both the Ohio Constitution and the United States Constitution."  (Doc. 4, p. 18-19).

    Based upon their belief that the complaint set forth claims arising, in part, under federal law, the City defendants removed the case to this Court.  Mr. Harris promptly filed a motion to remand to state court, which has been referred to the Magistrate Judge for a Report and Recommendation.  For the reasons which follow, it will be recommended that Mr. Harris be permitted to amend his complaint and, if he pleads only state law claims in that complaint, that the motion to remand be granted.

                            I.

    The facts relating to the motion to remand, and to Mr.

Harris' request (found in his reply memorandum) to amend his complaint, are fairly simple.  Defendants relied on the language contained in the seventh cause of action, quoted above, in concluding that this case arose under the Constitution and laws of the United States - a basis for federal court jurisdiction under 28 U.S.C. §1331, and therefore a basis for removal jurisdiction under 28 U.S.C. §1441(a).  In his motion to remand, Mr. Harris argued that he did not intend to plead any claims under 42 U.S.C. §1983 *et seq.* - statutes which permit a person whose constitutional rights are infringed by state actors to sue for damages and other relief - nor could he such a claim. Defendants, understandably, responded by noting the language found in the Seventh Cause of Action "cannot be interpreted in any way, other than as a federal claim  ...."  (Doc. 7, at 2). In reply, Mr. Harris stated that, with the consent of the Court, he would delete the language referring to the United States Constitution from the Seventh Cause of Action, and he specifically requested leave to amend his complaint in a manner consistent with that representation.

    Defendants promptly responded to that request.  They do not object to the filing of an amended complaint but are concerned that it would not completely resolve the issue about removal and remand unless the amended complaint pleads no federal causes of action.  If no such claims aare pleaded, Defendants agree that a remand would be appropriate.  In his reply (Doc. 14), Mr. Harris, through counsel, "unequivocally states that he raises no Federal Cause of Action in his complaint against each, any, and all Defendants herein."  He did not attach an amended complaint, however, indicating that he would file that document in state court once remand was ordered.

II.

    There is no question that the removal of this case was

-2-

proper given that the language used to plead the Seventh Cause of Action, reasonable construed, demonstrates an intent either to pursue a §1983 claim based on the facts pleaded or a claim directly under the United States Constitution. See, e.g., Double Six Saloon, Inc. v. City of Pacific, Mo., 2010 WL 1936211, *2 (E.D. Mo. May 13, 2010)(holding that where "[t]he basis of plaintiff's claim ... is that the actions taken by defendant violated plaintiffs' due process rights under both the federal and state constitutions" that claim is "based explicitly on federal law" and removal jurisdiction is proper).  This Court therefore has jurisdiction over this case.

Amending the complaint to eliminate a federal claim after removal has occurred does not defeat the Court's jurisdiction. See, e.g., Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991)(a party cannot "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action"). However, if the Court chooses to allow such an amendment, and there is no evidence that the plaintiff has attempted to manipulate the Court's jurisdiction though artful pleading, the preferred course is to remand, and Defendants do not argue otherwise. See generally Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988).  The key to such a remand, however, is the filing of an amended complaint pleading only state law claims.

Mr. Harris has asked for leave to amend, but wants to file his amended complaint after remand.  That is not the proper sequence.  In order for this Court to order a remand, it must be satisfied that any federal claim has been eliminated by virtue of the amended complaint.  Assuming the complaint meets that criterion, however, the case should be remanded.

III.

For these reasons, the motion to amend is granted.

-3-

Plaintiff shall, within fourteen days, file his amended complaint.  If that complaint clearly pleads claims arising solely under state law, and makes no reference to any federally-based cause of action or claim, the Court should then grant Plaintiff's motion (Doc. 6) to remand the case to the Court of Common Pleas of Franklin County, Ohio.

## IV.
### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge

-4-